HARRY COHEN et al., Individually and as Copartners Doing Business under the Name of HARRY COHEN, SPORTSWEAR, Plaintiffs, v. SAUL H. FREEDMAN et al., Individually and as Copartners Doing Business as 54 CANAL STREET COMPANY, Defendants.

City Court of the City of New York, Special Term, New York County, September 25, 1945.

*Nathaniel M. Gallin* for plaintiffs.

*Samuel Thierman* for defendants.

KELLER, J. This is a motion for summary judgment made by plaintiffs against their landlords in an action for the recovery of excessive rent claimed to have been paid in violation of the Commercial Rent Law. (L. 1945, ch. 3, as amd. by L. 1945, ch. 315.)

On October 12, 1944, plaintiffs, as tenants, and defendants, as landlords, entered into a written lease for the twelfth floor of 54 Canal Street in the city of New York, for three years, commencing February 1, 1945, at $3,500 per annum. The lease provided for the payment of eighteen months' rent in advance amounting to $5,250. The plaintiffs claim that the rental for these premises on March 1, 1943, and subsequently, up to the date when the lease involved here began, was $2,000 per annum, and that the $5,250 paid in advance for eighteen months' rent was in excess of the rent allowable under the Commercial Rent Law to the extent of $100.01 per month. Plaintiffs seek to recover this excess under section 7 of the Commercial Rent Law which reads in part as follows: "* * * or, in the alternative, the tenant shall be entitled to a cause of action to recover a proportionate amount of the rent paid."

The attorneys on the argument and in their papers concede that no issue of fact is involved and urged that judgment should be rendered on this motion either for the plaintiffs or defendants on the issues of law involved.

Defendants, referring to their separate defense, give two reasons to justify a denial of the motion: (1) That in order to sustain the plaintiffs' contention the court would be required to hold that the Legislature intended that the Commercial Rent Law should have retroactive effect, which they contend would be in violation of section 10 of article I of the Federal Constitution, which provides that " No state shall * * * pass any * * * Law impairing the Obligation of Contracts * * *." (2) That section 11 of the Commercial Rent Law provides, in part, as follows: " Nothing contained in this act shall create any claim or cause of action in favor of a tenant against a landlord to recover monies paid as rent for commercial space prior to the twenty-fourth day of January, nineteen hundred forty-five."

Defendants' first contention can have no force. (*Twentieth Century Associates* v. *Waldman,* 294 N. Y. 571.) In *Kuperschmid* v. *Globe Brief Case Corp.* (185 Misc. 748) Mr. Justice SHIENTAG, in his opinion concurring in Mr. Justice HAMMER's more elaborate opinion, stated briefly the conclusions of the Appellate Term (p. 758): " (1) I agree that the Commercial Rent Law applies to pre-existing leases and was intended to and does have a retroactive effect. (2) So construed it has been held to be constitutional by the Court of Appeals in *Twentieth Century Associates* v. *Waldman* (294 N. Y. 571). As THACHER, J., said in that case (p. 580): ' The principle is

firmly established today that all contracts are subject to the police power of the State, and, when emergency arises and the public welfare requires modification of private contractual obligations in the public interest, the question is not whether " legislative action affects contracts incidentally, or directly or indirectly, but whether the legislation is addressed to a legitimate end and the measures taken are reasonable and appropriate to that end " (*Home Bldg. & L. Assn.* v. *Blaisdell*, 290 U. S. 398, 438; *Matter of People* [*Tit. & Mtge. Guar. Co.*] 264 N. Y. 69, 77; *East New York Sav. Bank* v. *Hahn*, 293 N. Y. 622).' "

The claim that section 11 of chapter 3 of the Laws of 1945 allows defendants to keep rents because they were paid before the rent-freezing date, for a rent period that began after that date, is without merit. The court construes section 11 as having reference to rents which accrued some time between January 24, 1945, the freezing date, and the date when the emergency was stated to have arisen, namely, March 1, 1943. To give section 11 the meaning that defendants contend for, would facilitate lessors in evading or circumventing the retroactive purpose of the statute. " Courts are required to seek the intent from the language used or, if there be ambiguity, obscurity or doubt, to give that construction which furthers the object, spirit and purpose of that statute * * *." (*Kuperschmid* v. *Globe Brief Case Corp., supra*, p. 752.)

As the Commercial Rent Law is effective only to July 1, 1946, and as the monthly rent collected by defendants extends for one month beyond that date, the $100.01 collected for that month is not allowed and will not be allowed unless the period of the statute is extended. Plaintiffs are therefore awarded summary judgment for $1,700.17, with interest from January 24, 1945, and costs as demanded in the complaint. Execution of judgment is stayed for five days after notice of entry of the order herein has been served upon the attorney for the defendants.