In the Matter of MARCO MYONES, Petitioner. 80TH AVENUE REALTY CORPORATION, Respondent.

Supreme Court, Special Term, Kings County, October 27, 1947.

*Mathias Naphtali* for petitioner.

*Isaac Elstein* for respondent.

NOVA, J. Petitioner instituted an action in the Municipal Court to recover the sum of $1,000, as the alleged difference between the rent reserved in a written lease and the emergency rent. At the time said action was instituted the tenant was no longer in possession of said premises. As a result of an exami-

nation before trial in the the Municipal Court action the tenant became aware of the fact that the premises in question were not occupied for commercial purposes on March 1, 1943. He now petitions this court to fix the emergency rent, pursuant to the Emergency Commercial Rent Law (L. 1945, ch. 3, § 2, as amd.). He also seeks to remove the Municipal Court action to this court and to amend the complaint so as to include other causes of action for damages for a breach of the lease and to make the partnership, to which the lease was assigned immediately upon its execution, the plaintiff in the proposed action in this court.

In first disposing of the latter part of this motion suffice it to say that there is no action now pending in this court with which to consolidate the Municipal Court action. All that the plaintiff has done here is to include in his moving papers a form of proposed complaint. The second phase of the motion is therefore denied.

With respect to the other relief sought, it is contended by the respondent that the court cannot at this late hour entertain a proceeding to fix emergency rent upon property not occupied for commercial purposes on March 1, 1943, upon the petition of a former tenant no longer entitled to possession. So far as pertinent herein the statute involved (§ 2, subd. [e]) defines " Emergency rent " as follows: " The rent reserved or payable under any lease, agreement or tenancy of commercial space in force on March first, nineteen hundred forty-three, plus fifteen per centum of such rent; provided that if the commercial space was not used or occupied on such date for commercial purposes, the emergency rent shall be the reasonable rent *therefor as of such date,* plus fifteen per centum thereof, to be fixed by agreement, by arbitration, or by the supreme court upon the basis of the rent charged on such date for the most nearly comparable commercial space in the same building, or other rental area, or other satisfactory evidence * * *." (Italics supplied.)

Pursuant to section 7 in any action to recover rent, the tenant may interpose a defense that such rent is unjust, unreasonable and oppressive if such rent is in excess of the emergency rent. It also continues to provide: "* * * or, in the alternative, the tenant shall be entitled to a cause of action to recover a proportionate amount of the rent paid, or may apply to the court for injunctive relief and, in such an action, the tenant shall be entitled to prove and collect damages."

Thus, when rent in excess of the emergency rent has been paid by a tenant it has been held that he may maintain an independent action to recover the excess paid (*Joanette Juniors* v. *Princeway*

*Realty Corp.,* 272 App. Div. 420; *Cohen* v. *Friedman,* 185 Misc. 848).

Respondent's contention that since the petitioner is neither personally in possession nor any longer entitled thereto, he is barred from obtaining the relief sought herein, should be overruled because the statute does not set forth any limitation of time within which a proceeding of the nature involved herein might be brought. The statute does not limit the time within which one may seek to enforce the cause of action created by section 7. The six-year Statute of Limitation applicable herein has not expired.

The finding of the lawful rent is essential to the cause of action created by section 7. Unless the emergency rent is fixed by the court, the petitioner will not be in a position to prove his damages, that is, the amount of excess rent paid. If we assume, as we may well do, that the respondent landlord deliberately refuses to bring a proceeding to have the rent fixed because of the danger to it of being required to repay the excess rental collected, is the petitioner on that account to be deprived of the remedy which the law specifically intended to afford him? Will the court presume that the Legislature intended to confer a right and yet afford no method of enforcement of that right? In my opinion the answers to both questions is in the negative.

A cardinal rule in the interpretation of statutes is to give effect to the intention of the legislative body which enacted them. To construe this statute as giving a right without a remedy would be unreasonable.

Although this emergency legislation does not contain an express provision stating which party may bring a proceeding to fix the lawful rent, there seems to be no logical reason for construing the statute as providing a bar against the tenant's bringing it. The present petition may well be considered as a step within an action or prior to the bringing of an action by the tenant under section 7.

Consequently, I believe the petitioner should be permitted to establish the emergency rent pursuant to sections 2 and 4. This would give vitality to the declared purpose of the legislation as set forth in section 1 thereof (*Joanette Juniors,* v. *Princeway Realty Corp., supra*).

The foregoing conclusion is consistent with the determination in the case of *Matter of Zellner (Brooklyn Trust Co.)* (270 App. Div. 941). There, a tenant instituted a proceeding to establish the emergency rent of commercial premises which were not rented on the " freeze date " (March 1, 1943). Special Term

affirmed the recommendation of the official referee but the Appellate Division reversed and remitted the matter to Special Term for further proceedings with instructions to make a decision and to indicate the findings upon which the determination is made. Although the court's jurisdiction of the subject matter was not challenged in the *Zellner* case (*supra*) it is reasonable to assume that if the court felt it could not entertain a proceeding instituted by a tenant it would not have remitted the matter to Special Term for further proceedings.

In reaching the foregoing conclusion the court is not unmindful of *Matter of Metro Export Packers, Inc.* (*Hardwood Sawdust Co.*) (272 App. Div. 943). In the latter case the Appellate Division affirmed an order of Special Term, Queens County, Daly, J. (N. Y. L. J., April 24, 1947, p. 1606, col. 3), dismissing tenant's petition for an order determining and fixing the emergency rent for commercial space. However, it is significant to note that the affirmance is not predicated upon the same basis as the determination of the lower court, and this was quite consistent with the familiar rule that in affirming, appellate courts do not necessarily adopt the reasoning or the language of the opinion of Special Term.

At Special Term, Mr. Justice Daly held in effect that he could find no authority permitting a tenant to institute the proceedings. The Appellate Division stated in its memorandum decision: " The petition alleges that on March 1, 1943, the demised space was leased, occupied and used for commercial purposes. Under such circumstances the ' emergency rent ' thereof is fixed by chapter 3 of the Laws of 1945, as amended. That law makes no provision for application to the court to determine and fix emergency rent in such event."

Thus it seems to be clear that the distinguishing feature in the *Metro* case (*supra*) is that the demised space was rented on the " freeze date," so that all that was required to be done was to add 15% to the rent paid on March 1, 1943, and the result would give the " emergency rent ". The circumstances of the case at bar differ in that the premises in question were not leased or used for commercial purposes on March 1, 1943, in which event the law provides a method of determining and fixing emergency rent under sections 2 and 4 of the Business Rent Law.

The application of the petitioner is granted and the matter referred to an official referee to take proof and report with his recommendations thereon. Settle order on notice.